**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TIMURLAN KARAKETOV** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **J. L. JAMISON, Warden of Philadelphia** | : | |
| **Federal Detention Center, JOHN E. RIFE,** | : | |
| **Acting Field Office Director, Immigration and** | : | |
| **Customs Enforcement, Enforcement and** | : | |
| **Removal Operations, Philadelphia Field Office,** | : | |
| **MARKWAYNE MULLIN, Secretary of the** | : | |
| **Department of Homeland Security, TODD** | : | |
| **BLANCHE, Acting U.S. Attorney General, U.S.** | : | |
| **DEPARTMENT OF HOMELAND SECURITY,** | : | |
| **EXECUTIVE OFFICE OF IMMIGRATION REVIEW** | : | **NO. 26-3199** |

## ORDER

**NOW**, this 15th day of May, 2026, upon consideration of Petitioner Timurlan

Karaketov's Verified Petition for Writ of Habeas Corpus (Doc. No. 1) and the

government's opposition, **IT IS ORDERED** that the petition is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** as follows:

1. Karaketov is not subject to mandatory detention under 8 U.S.C.

§ 1225(b)(2).

2. The government shall release Karaketov from custody immediately and

certify compliance with this order by filing proof of his release on the docket no later than

**9:00 PM E.T.** on **May 15, 2026**.

3. The government shall return all personal belongings confiscated from

Karaketov upon his detention, including identification documents.

4. The government is temporarily enjoined from re-detaining Karaketov for

seven days following his release from custody.

5.      If the government pursues re-detention of Karaketov, it must first provide him with a bond hearing at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

6.      The government shall not remove, transfer, or otherwise facilitate the removal of Karaketov from the Eastern District of Pennsylvania prior to the ordered bond hearing.

7.      If the immigration judge determines Karaketov is subject to detention under 8 U.S.C. § 1226(a), the government may request permission to move Karaketov if unforeseen or emergency circumstances arise that require his removal from the Eastern District of Pennsylvania.  That request must set forth the grounds for the request and a proposed destination.[1]

TIMOTHY J. SAVAGE, J.

---

[1] Karaketov entered the United States in February 2023.  Pet. Writ Habeas Corpus ¶ 21, ECF No. 1.  He presented himself for an appointment with U.S. Customs and Border Protection at a port of entry. *Id.* ¶¶ 21–22.  Department of Homeland Security ("DHS") briefly detained and processed Karaketov and released him on parole pursuant to 8 U.S.C. § 1182(d)(5). *Id.* ¶ 22.  He has lived in Philadelphia since 2023. *Id.* ¶ 2.  He submitted an asylum application, and attended each hearing and Immigration and Customs Enforcement ("ICE") check in. *Id.* ¶ 25.  Karaketov has never been arrested, charged, or convicted in connection with a crime. *Id.* ¶ 59.

On or about May 8, 2026, DHS officials scheduled Karaketov for a check-in at the Philadelphia field office. *Id.* at ¶ 26.  At the check-in, DHS officials took Karaketov into custody. *Id.* at ¶ 26.  Karaketov is currently being held at the Philadelphia Federal Detention Center. *Id.* at ¶ 27.

The government has denied Karaketov the opportunity for a hearing conducted by a neutral decisionmaker to determine whether his detention is warranted based on danger or flight risk. *See id.* ¶ 68; Respondents' Opp'n to Pet. for Writ of Habeas Corpus ("Opp'n") 9, ECF No. 4.  It contends that detaining him without a bond hearing is lawful under 8 U.S.C. § 1225(b)(2). *See id.*

Section 1225(b)(2) does not apply to individuals like Karaketov, who are not actively trying to enter the country, but have been living here for an extended period. *See Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 WL 3218243, at *1, *4–5 (E.D. Pa. Nov. 18, 2025).  The provision that applies to Karaketov is 8 U.S.C. § 1226(a).  That provision mandates a hearing. *See* 8 C.F.R. §§ 1236.1(c)(8), (d).

We have held in nearly identical cases where the parties made the same arguments that detention without a bond hearing violates 8 U.S.C. § 1226(a) and the Due Process clause of the Fifth Amendment.

---

*See, e.g., Diallo v. O'Neill et al.*, Civ. A. No. 25-6358, 2025 WL 3298003, at *4–6 (E.D. Pa. Nov. 26, 2025). The same reasoning applies here.